UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 05-12190MLW

UNITED STATES FOR THE USE AND BENEFIT OF THE HOON COMPANIES, INC.,
Plaintiff,
v.

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, and ODF/HOON/PEABODY, JOINT VENTURE,
Defendants.

**ANSWER AND COUNTERCLAIM OF DEFENDANT PEABODY CONSTRUCTION CO., INC.**

Defendant, Peabody Construction Co., Inc. ("Peabody") answers Plaintiff, Hoon Companies, Inc.'s ("Hoon") Complaint, paragraph by paragraph, as follows:

**INTRODUCTION**

The allegations set forth in the Introduction of the Complaint are a characterization of the Complaint to which no response is required. To the extent a response is required, Peabody denies the allegations set forth in Introduction of the Complaint.

**JURISDICTION AND VENUE**

1. The allegations set forth in paragraph 1 of the Complaint call for a legal conclusion to which no responsive pleading is required.

2. The allegations set forth in paragraph 2 of the Complaint call for a legal conclusion to which no responsive pleading is required.

**PARTIES**

3. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Peabody admits, upon information and belief, that Travelers Casualty & Surety Company of America is licensed to do business in Massachusetts but denies the remaining allegations set forth in paragraph 4 of the Amended Complaint.

5. Peabody admits that ODF Contracting Company, Inc., Peabody Construction Co, Inc. and the Hoon Companies, Inc. entered into a Joint Venture Agreement on or about May 18, 2000. The terms of the Amended Joint Venture Agreement speak for themselves. Peabody admits that the Joint Venture was the general contractor on the project. Any remaining allegations are denied.

6. Peabody admits that the Joint Venture entered into a contract with the Massachusetts Housing Finance Agency ("MHFA") on the Academy Homes II project ("Project"). The terms of the contract speak for themselves. Any remaining allegations are denied.

7. Peabody admits that Travelers issued a payment bond for the Project. The terms of the bond speak for themselves. The remaining allegations set forth in paragraph 7 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 7 of the Complaint.

8. Peabody admits that the Joint Venture entered into a contract with MHFA for the Project. The terms of the contract speak for themselves. Any remaining allegations are denied.

9. Peabody admits that Joint Venture entered into a subcontract with Hoon. The terms of the Hoon/Joint Venture subcontract speak for themselves. Peabody denies any remaining allegations set forth in paragraph 9 of the Complaint.

10. The allegations set forth in paragraph 10 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 10 of the Complaint.

11. Peabody denies the allegations set forth in paragraph 11 of the Complaint.

12. Peabody denies the allegations set forth in paragraph 12 of the Complaint.

13. Peabody denies the allegations set forth in paragraph 13 of the Complaint.

14. The allegations set forth in paragraph 14 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 14 of the Complaint.

## COUNT II

15. Peabody incorporates by reference its answers to paragraphs 1 through 14 above as though fully set forth herein.

16. Peabody admits that Travelers issued a payment bond for the Project. The terms of the bond speak for themselves.

17. The allegations set forth in paragraph 17 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 17 of the Complaint.

18. Peabody denies the allegations set forth in paragraph 18 of the Complaint.

19. The allegations set forth in paragraph 19 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 19 of the Complaint.

20. The allegations set forth in paragraph 20 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody admits that Hoon sent correspondence to Travelers on or about October 31, 2005. Peabody denies any remaining allegations set forth in paragraph 20 of the Complaint.

21. The allegations set forth in paragraph 21 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 21 of the Complaint.

22. The allegations set forth in paragraph 22 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 22 of the Complaint.

## COUNT II

23. Peabody incorporates by reference its answers to paragraphs 1 through 23 above as though fully set forth herein.

24. Peabody denies the allegations set forth in paragraph 24 of the Complaint.

25. Peabody denies the allegations set forth in paragraph 25 of the Complaint.

26. The allegations set forth in paragraph 26 of the Complaint call for a legal conclusion to which no responsive pleading is required. To the extent a response is required, Peabody denies the allegations set forth in paragraph 26 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

Hoon's Complaint against Peabody fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Hoon's Complaint is barred by its material breaches of its subcontract.

## THIRD AFFIRMATIVE DEFENSE

Hoon's Complaint is barred by the terms of the subcontract.

## FOURTH AFFIRMATIVE DEFENSE

Hoon's Complaint is barred by the Doctrines of Offset and Recoupment.

## FIFTH AFFIRMATIVE DEFENSE

Hoon's Complaint is barred by the terms of the Amended Joint Venture Agreement.

## SIXTH AFFIRMATIVE DEFENSE

Hoon's Complaint is barred by its material breaches of the Amended Joint Venture Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

Any damages alleged by Hoon result from the acts and/or omissions of third parties over whom Peabody has no control.

## EIGHTH AFFIRMATIVE DEFENSE

Any damages allegedly incurred by Hoon result from Hoon's own acts and/or omissions.

## NINTH AFFIRMATIVE DEFENSE

Hoon has failed to comply with 40 U.S.C. §3133.

## TENTH AFFIRMATIVE DEFENSE

Hoon has failed to comply with the terms of the bonds.

## ELEVENTH AFFIRMATIVE DEFENSE

Hoon's Complaint is barred by the doctrines of Estoppel and Laches.

## TWELFTH AFFIRMATIVE DEFENSE

Hoon's Complaint is barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

Peabody pleads the affirmative defense of mediation and/or arbitration.

WHEREFORE, Defendant Peabody Construction Co., Inc. prays that Plaintiff Hoon Companies, Inc.'s Complaint be dismissed, with prejudice.

**PEABODY CONSTRUCTION CO., INC.'S COUNTERCLAIM AGAINST HOON COMPANIES, INC.**

Peabody Construction Co., Inc. ("Peabody") states and alleges as Counterclaim against Hoon Companies, Inc. ("Hoon") as follows:

**PARTIES**

1. Peabody is a Massachusetts corporation with a principal place of business at 536 Granite Street, Braintree, Massachusetts.

2. Upon information and belief Hoon is a Massachusetts corporation with its usual place of business in Boston, MA.

3. Jurisdiction is proper in the U.S. District Court since that is where the Complaint has been filed.

4. Venue is proper in the District of Massachusetts, as that is where the Project is located.

**Background**

5. Peabody incorporates by reference the allegations in paragraphs 1 through 4 as if fully set forth herein.

6. On or about May 18, 2000, ODF Contracting Company, Inc., Peabody Construction Co., Inc., and Hoon Companies, Inc. entered into and Amended Joint Venture Agreement.

7. The purpose of the Joint Venture was to enter into a contract with the Massachusetts Housing Finance Agency ("MHFA") on the Academy Homes II project ("Project").

## Count I

8. Peabody incorporates by reference the allegations in paragraphs 1 through 7 as if fully set forth herein.

9. The Joint Venture entered into a contract with Hoon in the amount of $4,968,756.00 wherein Hoon agreed to supply goods and services in relation to flooring, finishes, doors and hardware.

10. The Joint Venture has made payments to Hoon.

11. Hoon has failed and/or refused to perform its work in accordance with the terms and conditions of the subcontract, failed to perform its work in a timely manner and failing to perform its work in a good and workmanlike manner.

12. The Joint Venture notified Hoon of its deficiencies pursuant to the subcontract.

13. Hoon has materially breached the subcontract by failing and/or refusing to perform its work in accordance with the terms and conditions of the subcontract, failing to perform its work in a timely manner, and failing to perform its work in a good and workmanlike manner.

14. Peabody has incurred damages for Hoon's breaches of the subcontract. Hoon is liable to Peabody for its damages[1] along with interest, costs and reasonable attorney's fees.

[1] Peabody reserves its rights to assert all owner, Peabody, and subcontractor damages against Hoon.

15. Peabody has complied with all conditions precedent to maintain this action.

Count II

16. Peabody incorporates by reference the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. Peabody has incurred damages on the Project.

18. Pursuant to the Amended Joint Venture Agreement, Hoon is liable to Peabody for all damages incurred by Peabody in connection with this Project, along with interest, costs, and attorney's fees..

Wherefore, Peabody Construction Co., Inc. demands that Judgment enter in favor of Peabody and against Hoon Companies, Inc. for all costs and damages incurred by Peabody, plus interest thereon and attorney's fees.

Respectfully submitted,
Peabody Construction Co., Inc.
By its attorneys,

John J. McNamara
BBO No. 557882
Myles C. Beltram
BBO No. 628339
DOMESTICO, LANE & MCNAMARA, LLP
161 Worcester Road
Framingham, MA 01701
(508) 626-9000

Dated: 12/20/05

**CERTIFICATE OF SERVICE**

I, Myles C. Beltram, hereby certify that the foregoing was served via first class mail, postage prepaid, upon Michael J. Dissette, Esquire, City, Hayes & Dissette, P.C., 50 Congress Street, Boston, MA 02109, on this 20th day of December, 2005.

Myles C. Beltram